FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 23 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ALEXIS BRYANT, Individually and on
Behalf of All Others Similarly Situated**                                **PLAINTIFF**

VS.                              No. 4:18-cv-151-JLH

**INTERNATIONAL PAPER COMPANY**                                **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Alexis Bryant ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Sean Short, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendant International Paper Company ("Defendant"), and in support thereof, she does hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a class action and a collective action brought by Plaintiff Alexis Bryant, individually and on behalf of all other Production Workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

This case assigned to District Judge Holmes
and to Magistrate Judge Volpe

Defendant's failure to pay Plaintiff and other Production Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.      On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.     THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff is a resident and citizen of Faulkner County.

13.     Plaintiff was employed by Defendant as a Production Worker within the three (3) years preceding the filing of this Original Complaint.

14.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.     Defendant is a foreign corporation, registered and licensed to do business in the State of Arkansas.

16.     Defendant's registered agent for service of process in Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

17.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18.     Defendant is a fiber-based packaging, pulp and paper company in which it manufactures a variety of products for industrial and consumer use.

19.     Defendant operates over 200 facilities in the United States and has one corporate headquarters located in Memphis, Tennessee, that centralizes all pay, time and human resource policies so that they are the same across all United States facilities.

20.     During the time period relevant to this case, Plaintiff was employed at Defendant's container plant in Conway.

21.     Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as lumber, machinery and tools.

22.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.     FACTUAL ALLEGATIONS

23.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

24.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Production Worker.

25.     Plaintiff and other Production Workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26.     Plaintiff and other Production Workers were classified as hourly employees and paid an hourly rate.

27.     Plaintiff and other Production workers were also paid non-discretionary cash awards on a regular basis when certain objective and measurable criteria were met.

28.     In addition, Defendant paid Plaintiff and other Production Workers one-and-one-half (1.5) of their base hourly rate for each hour they worked over forty (40) in a workweek.

29.     However, Defendant did not include the cash awards of Plaintiff and other Production Workers into their regular rate when calculating their overtime pay.

30.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31.     Defendant violated the FLSA and AMWA by not including shift and hour-based premiums of Plaintiff and other Production Workers in their regular rate when calculating their overtime pay.

32.     Plaintiff worked for Defendant at Defendant's facility in Conway, Arkansas (hereinafter the "Conway facility"), and Defendant's pay practices were the same for all hourly workers at the Conway facility.

33.     The pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

34.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Production Workers violated the FLSA and AMWA.

35.     Defendant's Production Workers were classic manual laborers, working with machinery and equipment to produce Defendant's products in both indoor and outdoor settings.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

36.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

37.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.    Plaintiff brings her FLSA claims on behalf of all hourly Production Workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.    Liquidated damages and attorneys' fees and costs.

39.    In conformity with the requirements of FLSA Section 216(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

40.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

41.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly;

C.      They recorded their time in the same manner; and

D.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

42.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 500 persons.

43.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

44.     Defendant can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.      AMWA Rule 23 Class

45.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46.    Plaintiff proposes to represent the class of hourly Production Workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47.    Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include cash awards in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

48.    Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50.    Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 500 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52.    Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

53.    No difficulties are likely to be encountered in the management of this class action.

54.    The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55.    Plaintiff and her counsel will fairly and adequately protect the interests of the class.

56.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

58.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

59.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

60.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including shift premiums of Plaintiff in her regular rate when calculating her overtime pay.

61.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

64.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

65.    Plaintiff brings this collective action on behalf of all Production Workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff

and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

66.    Plaintiff brings this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

67.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

68.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including cash awards of Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

69.    In the past three years, Defendant has employed hundreds of Production Workers.

70.    Like Plaintiff, these Production Workers regularly worked more than forty (40) hours in a week.

71.    Defendant failed to pay these workers at the proper overtime rate.

72.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **All Hourly Production Workers, or Similar Positions, for**
> **Defendant Within the Past Three Years Who Ever Worked**
> **in Excess of Forty (40) Hours in any Week for Which**
> **They Received a "CASH AWARD" or Similar Payment.**

73.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

76.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

78.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80.     Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

81.    Defendant's failure to include shift premiums in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

82.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

84.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

85.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

87.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89.     Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed, as required under the AMWA.

90.     Defendant's failure to include shift premiums in Plaintiff's and members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

91.     Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

**All Arkansas Hourly Production Workers, or Similar Positions, for Defendant Within the Past Three Years Who Ever Worked in Excess of Forty (40) Hours in any Week for Which They Received a "CASH AWARD" or Similar Payment.**

92.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     EQUITABLE TOLLING

95.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

96.     The applicable statute of limitations for Plaintiff's FLSA and AMWA causes of action should be tolled because strict application of the statute of limitations would be inequitable.

97.     Defendant, as an employer with a duty to comply with the FLSA and AMWA and the means to do so, was, and has at all relevant times been, in a far superior position than Plaintiff or members of the proposed class and collective action to understand the FLSA and AMWA and apply them appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

98.     Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

99.     An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

100.    Defendant failed to post all appropriate notices regarding the FLSA and AMWA.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alexis Bryant respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(a)    That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(b)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(c)    A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(g)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(h)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

(i)    An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(j)    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF ALEXIS BRYANT,**
**Individually and on Behalf of All**
**Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com